SCHARN, Appellant v. ECKER, Respondent

(218 N.W.2d 478)

(File No. 11322. Opinion filed May 22, 1974)

Gene E. Pruitt, Acie W. Matthews, Steve Jorgensen, Sioux Falls, for plaintiff and appellant.

Richard W. Sabers, David V. Vrooman, Sioux Falls, for defendant and respondent.

WINANS, Justice.

This is a Quo Warranto proceeding upon leave of court. The factual situation is simple and undisputed. Plaintiff Scharn was elected for a six-year term as Public Utilities Commissioner from the First District, in a general election in November 1966. He qualified for such office in January 1967 and in the normal course such term would expire January 1, 1973. The defendant, P. K. Ecker, Sr., opposed the plaintiff for this office in the general election held November 1972 and received a majority of the votes cast. Defendant Ecker received from the Secretary of State a certificate of election and on January 2, 1973 took the oath of office and filed the bond as required. It is admitted that defendant met the eligibility requirements of SDCL 49-1-3 as to age, residence and citizenship.

The defendant had been an employee of Western Union from September 24, 1924 to September 1, 1972 except for a few years during the 30's. Defendant, because of such employment, became eligible for retirement benefits pursuant to his prior participation in the pension program of Western Union under rules applicable to all employees of the company. Defendant received pension payments after retirement for October, November and December 1972 and January 1973, each payment being for the preceding month. It is plaintiff's contention that defen-

dant is ineligible to hold the office of Public Utilities Commissioner for the State of South Dakota for the reason that the defendant had or has a pecuniary interest in Western Union, a company regulated by the Public Utilities Commission, in that he received and will receive a pension from Western Union. The defendant puts the question for decision in the following frame of reference: "Does the record show that the pension, which P. K. Ecker, Sr. received for four months, constituted a disqualifying interest in Western Union?" Further, defendant concedes "* * * that a pension is in fact pecuniary. It obviously involves money. * * * however, that even though it is pecuniary, a pension is not an *interest in* Western Union."

The statutory law which is the basis for this lawsuit is embodied in SDCL 49-1-3 which states:

> "No person shall be eligible to the office of public utilities commissioner except a citizen of the United States, a qualified elector of this state, and who shall have attained the age of twenty-five years and shall have resided within this state for at least two years next preceding his election, and at the time of his election be a resident of the district for which he is elected, and who is not the owner of any bonds or stocks in any company, or in the employment of or in any manner pecuniarily interested in any company, of which the public utilities commission has supervision."

The circuit court in its decision found that defendant worked for "Western Union for 42 years and retired on August 31, 1972, and * * * that he suspended his pension effective December 31, 1972, pending a decision by this Court." It also found "That there is no evidence in the record disclosing the manner in which the Western Union pension was acquired, paid, held or funded." It further found that plaintiff failed to prove the pension which defendant was receiving was a pecuniary interest in the company or companies supervised by the Public Utilities Commission. In short, the court found that plaintiff had failed in his proof and that the burden of proof was upon him and therefore found in favor of the defendant. We think the decision of the circuit court is correct and affirm.

■ The key words in the statute, supra, so far as this lawsuit is concerned are "* * * or in any manner pecuniarily interested in any company, of which the public utilities commission has supervision". After a careful review of the entire record we can find nothing to indicate that defendant is pecuniarily interested in Western Union. The record is clear that Western Union is a company over which the Public Utilities Commission has supervision. It is not clear how the pension received or to be received depends on the existence or nonexistence of Western Union, or even depends on its financial status. Nothing in the record shows the specifics of the pension, how it is to be paid, who pays it, and no copy of the contract is shown. It does not appear that Western Union has any control whatsoever over the pension funds. The source of the funds, the manner in which paid, or terms as to pension eligibility do not appear in the record.

> ■ "Provisions in statutes and constitutions imposing qualifications should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers, and in favor of those seeking to hold office; and ambiguities should be resolved in favor of eligibility to office." 67 C.J.S. Officers § 11, p. 126.

> "*There is a presumption in favor of eligibility* of one who has been elected or appointed to public office, and any doubt as to the eligibility of any person to hold an office must be resolved against the doubt." Ibid.

In accordance with the foregoing, we find it unnecessary to consider further the contentions made by plaintiff in this appeal.

Judgment affirmed.

BIEGELMEIER, C. J., WOLLMAN and DOYLE, JJ., and RENTTO, Retired Judge, concur.

RENTTO, Retired Judge, sitting for DUNN, J., disqualified.